UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMUEL C. WILLOUGHBY,

    Appellant,

    v.

RONALD R. PETERSON,

    Appellee.

No. 15 C 6719
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

In this action, the Debtor, through his counsel, Steven A. Lang, appeals two Bankruptcy Court decisions: an order forcing Lang to refund the Debtor's retainer fee under Section 329 of the Bankruptcy Code and an order denying Lang's Motion for Sanctions against the case Trustee, Ronald Peterson. For the following reasons, both of these decisions are affirmed.

### BACKGROUND

The Debtor was represented by Lang when he filed a Chapter 7 petition on April 13, 2015 (the "Petition"), the case at issue in this appeal. This was the Debtor's fourth bankruptcy filing in the Northern District of Illinois between 2000 and 2014.[1]

The Petition contained several key deficiencies. Among other things, Lang (1) failed to execute Exhibit B which required him to certify that he had complied with 11 U.S.C. § 342(b); (2) failed to list the Debtor's previous bankruptcies; and (3) failed to sign the Bankruptcy Petition. Lang belatedly filed an Amended Bankruptcy Petition on July 16, 2015 to correct these

---

[1] On March 27, 2000, he filed a case, 00-09148, under Chapter 7 of the bankruptcy code. On June 25, 2009, the Debtor filed a second case, 09-23165, under Chapter 13 of the Bankruptcy Code. On March 5, 2014, the Debtor filed yet another, 14- 07712, under Chapter 13 of the Bankruptcy Code. That case remained pending until December 5, 2014.

1

omissions, but only after the Trustee filed a motion to compel.

The day after the Petition was filed, the Debtor attempted to retrieve his truck from the City of Chicago, where the vehicle had been impounded. The City of Chicago refused, and informed the Debtor that the Bankruptcy Trustee had not released the vehicle. On April 24, 2015, Lang filed a motion against the U.S. Trustee, Patrick Layng, and the case Trustee, Ron Peterson, for failure to turn over the Debtor's truck. Lang did not name or serve the City of Chicago. The Bankruptcy Court held a hearing on May 5, 2015 and denied the motion. Lang did not appeal that order. At that hearing the Court invited the case Trustee and the U.S. Trustee to file a sanctions motion against Lang.

Lang filed a motion against the City of Chicago for a rule to show cause on May 21, 2015. The Bankruptcy Court denied the motion on June 4, 2015, and Lang appealed this ruling. On appeal, Judge Coleman affirmed the Bankruptcy Court's decision. *See Willoughby v. City of Chicago*, Case No. 15-cv-05373 (N.D. Ill.).

On June 1, 2015, Lang and the Debtor failed to attend the 11 U.S.C. § 341 meeting and did not request a continuance. The Trustee continued the meeting to July 13, 2015. Meanwhile, Lang filed a motion to withdraw as attorney for the Debtor on June 19, 2015, and he set the motion for hearing on July 2, 2015, at 10:00 am. In the motion, Lang and the Debtor jointly stated that "the Debtor believes that Attorney Steven A. Lang has worked diligently for him, but is of the impression that Attorney Lang will be treated un-justly, in the above proceeding, to the debtor's disadvantage." The motion also stated that "Attorney Steven A. Lang has returned all of the funds ($700) received from the debtor." While a representative for the U.S. Trustee and case Trustee attended the hearing, Lang did not appear at the hearing to prosecute his motion, and the Bankruptcy Court continued the motion to July 16, 2015.

On June 22, 2015, the Trustee filed a motion pursuant to Section 329 of the Bankruptcy Code to disgorge Lang's attorney fee and for non-monetary sanctions. In it, the Trustee outlined the defects of the filings set forth above and, based upon these defects, argued that "[i]n his purported representation of Mr. Willoughby in this case before this Court, Mr. Lang has failed to render service consistent with the standards of this legal community."

Roughly one week after Peterson's 329 Motion, Lang filed a motion for Rule 11 sanctions against Peterson, arguing that the 329 Motion was "frivolous" and filed "only to harras [sic] attorney Steven A. Lang." Lang failed to serve a safe harbor letter required pursuant to Fed. R. Bankr. Pro. 9011(c). Lang amended his motion on July 3, 2015, but did not cure the original motion's defects.

On July 16, 2015, the Bankruptcy Court held a hearing on several matters. First, the Bankruptcy Court allowed Lang to withdraw as counsel for the Debtor. Second, and the subject of this Appeal, the Bankruptcy Court granted the Trustee's 329 Motion and denied Lang's Sanctions Motion.

At the hearing, Lang stated that his Sanctions Motion was filed "in response to the Trustee's [329] Motion." As the Bankruptcy Court noted, however, because the Trustee "has a duty when they take on a case to evaluate the fees that the debtor has paid and make a decision whether to compel that to be refunded to the estate," Lang's Sanctions Motion was a "motion for sanctions in response to [the Trustee] performing his duty." On the record at the hearing, the Trustee then set forth in detail the deficiencies of Lang's representation of his client before the Bankruptcy Court. The representative for the U.S. Trustee's office stated that she did not "understand the basis of a Rule 11 Motion against Mr. Peterson," to which the Bankruptcy Judge concluded that "Mr. Peterson has been dragged in here unnecessarily."

3

The Debtor testified under oath that Lang had returned the $700 paid to him for his legal representation. Despite Lang's purported return of the funds, the Bankruptcy Court noted that it "concern[ed] [the Judge] that it was just done without [the Trustee] being involved" and ordered the funds paid to the Trustee "the way it should have been done." Accordingly, the Bankruptcy Court's Order granting the Trustee's 329 Motion provided:

> Steven A. Lang shall pay to the Case Trustee the sum of $700.00. The Case Trustee is authorized to pay to the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, any unpaid filing fees owed to the Court for the filing of the Debtor's bankruptcy case, and deposit the balance in the bankruptcy estate bank account pending further order of this Court.

The Bankruptcy Court's Order denying Lang's Sanctions Motion is a docket entry reflecting an "Order Denying for the Reasons Stated on the Record" both Lang's Sanctions Motion and the Amended version thereof.

Lang filed his Notice of Appeal to this Court on July 30, 2015.[2]

## LEGAL STANDARD

Both of the Bankruptcy Court's decisions in this appeal are reviewed for an abuse of discretion. *See In re Geraci,* 138 F.3d 314, 319 (7th Cir. 1998) ("Because fee determinations under section 329 rest within the sound discretion of the bankruptcy court, we will disturb an order requiring the return of an excessive fee only upon finding that the bankruptcy court abused its discretion."); *In re Generes,* 69 F.3d 821, 826 (7th Cir. 1995) (sanctions imposed under bankruptcy rule 9011 reviewed for an abuse of discretion).

---

[2] Another appeal of the same orders was transmitted to District Court Judge Feinerman, who subsequently terminated the appeal as duplicative of this Appeal. *Willoughby v. Peterson*, Case No. 15-6796, (N.D. Ill.). Lang moved for reconsideration of the termination and incorrectly argued that the two appeals were not, in fact, duplicative. Judge Feinerman denied the motion for reconsideration and noted that "[f]or future reference, if Attorney Lang wishes to practice in this Court, he must abide by all of the Local Rules, including Local Rules 83.12, 83.14, 83.15, and 83.16." Lang subsequently filed a "Discolsure [sic] of Oversight of Duplicative Case" in which he "humbly offer[ed] an apology to the Court for an oversight of a duplicative case assigned, as the court pointed out, to Judge Zagal [sic]."

## DISCUSSION

I. **The Bankruptcy Court Correctly Applied Section 329**

"Section 329(b) authorizes the court to assess the reasonable value of the services provided to the debtor and to compare that value with the amount the debtor paid or agreed to pay for the attorney's services." *In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1997). Specifically, Section 329 provides:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
>
>> (1) the estate, if the property transferred—
>>
>>> (A) would have been property of the estate; or
>>>
>>> (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>>
>> (2) the entity that made such payment.

11 U.S.C. § 329. "If the court determines that the fee charged by the attorney is excessive—*i.e.*, that it exceeds the reasonable value of the services provided—then it may cancel any agreement between the attorney and its client, or it may order the return of the excessive portion of the fee to the debtor's estate or to the entity making the payment." *Geraci*, 138 F.3d at 318.

The decision to reduce or disgorge fees under section 329 is "within the sound discretion of the bankruptcy court, which should weigh the equities of the case in determining

5

whether the fees are unreasonable or excessive." *In re Wiredyne, Inc.*, 3 F.3d 1125, 1128 (7th Cir. 1993). Poor quality of legal services, for example, is a factor to be considered in whether or not compensation is reasonable pursuant to section 329(b). *Hale v. U.S. Trustee*, 509 F.3d 1139 (9th Cir. 2007). The case of *Hale* is illustrative here. In *Hale*, the Ninth Circuit affirmed a bankruptcy court's disgorgement of counsels' fees as unreasonable pursuant to section 329 where, among other things, the only service counsel provided to the debtor "was the completion of the bankruptcy petition that was incomplete and erroneous and that required extensive amendments." *Id.* at 1147. So too here.

As set forth in detail above, the evidence of Lang's inadequate representation of the Debtor is replete throughout the record: the Bankruptcy Petition contained several key omissions including a lack of signature; the Debtor's schedules contained suspect entries with several discrepancies and later amended schedules contained unexplained discrepancies; Lang failed to appear for the Section 341 hearing and did not request a continuance; and Lang filed improper pleadings against the U.S. Trustee and the panel Trustee to turnover a truck they did not possess.

The Trustee not only reviewed the pleadings and record to identify the defects in Lang's representation of the Debtor, he presented them to the Bankruptcy Court in his 329 Motion and at the July 16, 2015 hearing. Nothing in Lang's appellant brief refutes these facts, rather, he merely attempts to recharacterize and downplay them as "harmless error," "oversight," and a "matter of style."

Lang argues that Section 329 is "applicable to only a failure to disclose or compensation that exceeds a reasonable value of any such service" and that the Trustee's 329 Motion did not demonstrate either of these elements. To the contrary, however, the Trustee demonstrated, and the Bankruptcy Court agreed, that none of Lang's compensation was

6

"reasonable" in light of the inadequate services rendered to the Debtor. Indeed, as held by the Seventh Circuit in *Geraci,* "the bankruptcy court is authorized to act whenever it determines that the compensation the debtor has paid or agreed to pay his counsel exceeds the reasonable value of the services provided. No further finding is required." *Geraci,* 138 F.3d at 320. Because the Bankruptcy Court did not abuse its discretion, the Bankruptcy Court's decision is affirmed.

Although the Debtor testified under oath that Lang had already returned to him the $700 paid to him for his legal representation, the Bankruptcy Court was concerned that the payment was made without the Trustee being involved. As the Bankruptcy noted, and I agree, this is not the way things are done, and Lang should know this.

## II. The Bankruptcy Court Correctly Denied Both of Lang's Motions for Sanctions

In making a filing pursuant to Rule 9011, a party is presenting to the court that to the best of the party's knowledge, information and belief, formed after an inquiry reasonable under the circumstances –

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Bankr. R. Fed. P. 9011(b). If a court determines that subdivision of (b) set forth above has been

violated, the court may impose an appropriate sanction. Fed. R. Bankr. P. 9011(c).

Lang's Sanctions Motion was not warranted here because the Trustee, in filing his 329 Motion, did not violate any of the ethical obligations set forth in Rule 9011(b). Lang argued in his Sanctions Motion that the Trustee's 329 Motion was "frivolous" and filed "only to harras [sic] attorney Steven A. Lang." As the Bankruptcy Court noted, however, the Trustee "has a duty when they take on a case to evaluate the fees that the debtor has paid and make a decision whether to compel that to be refunded to the estate." Therefore, as also noted by the Bankruptcy Court, Lang's Sanctions Motion was a "motion for sanctions in response to [the Trustee] performing his duty."

The Bankruptcy Court's ruling—denying Lang's sanction motions—is far from an abuse of discretion because the Trustee's 329 Motion was well-grounded in law and fact. As set forth in detail above, the fees paid to Lang were not reasonable in light of the inadequate services provided to the Debtor.

## CONCLUSION

The Bankruptcy Court's decisions are affirmed.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 9, 2016